# FOSTER *vs.* GRESSETT'S HEIRS.

[BILL IN EQUITY BY VENDEE'S HEIRS FOR RESCISSION OF CONTRACT ON GROUND OF FRAUD.]

| 29 | 393 |
| 99 | 563 |

| 29 | 393 |
| 124 | 129 |

| 29 | 393 |
| 126 | 169 |

1. *When misrepresentation is fraud.*—A misrepresentation by the vendor, in regard to a material fact, which operated as an inducement to the purchase, upon which the purchaser had a right to rely, and by which he was actually deceived and injured, is a fraud, and confers upon the purchaser the right to avoid the contract, whether executed or executory.

2. *Waiver of rescission on account of fraud.*—But the right to a rescission of the contract on this ground may be lost, either by an affirmance of the contract after the discovery of the fraud, or by a failure to manifest the election to disaffirm it within a reasonable time after the discovery of the fraud.

3. *What is reasonable promptness in seeking rescission.*—What is a reasonable time, within which to manifest an election to disaffirm the contract, must be determined from the circumstances of each particular case. Where the purchaser died, about eight months after the sale, without having discovered the fraud; and his heirs, one of whom was still a minor, filed a bill to rescind within one year after the discovery of the fraud, and within four years after the sale,—*held,* that this was sufficient promptness.

4. *Abandonment of possession and offer to rescind.*—Where the vendor removed from the State, with all his property, before the discovery of the fraud, after having collected one half of the purchase money, and having transferred the note for the uncollected balance to a non-resident, who recovered judgment upon it, and was trying to collect it; and the vendee having died a few months after the purchase, and before the discovery of the fraud, one of his heirs was a minor when the bill was filed,—*held,* that these facts justified the complainants' retention of the land, and rendered unnecessary an offer to rescind before filing the bill.

5. *Improvements and rents.*—When the vendee's heirs seek a rescission under circumstances which justified their retention of possession, they are entitled to a fair allowance for any improvements made by them upon the land, either before or after the filing of the bill, which were absolutely necessary to render the possession beneficial and profitable, such as necessary fencing, and all indispensable buildings on a plantation ; and are chargeable not only with the rents, but with any deterioration in the value of the land caused by their injurious or injudicious cultivation.

6. *Exceptions to master's report.*—An exception to the master's report, which does not specifically point to the particular item or matter objected to, may well be overruled on account of its generality.

7. *How payment may be enforced by decree.*—On a rescission in favor of the vendee, the court may declare the purchase money a lien on the land, and order that the land be sold if the money be not refunded by a given day.

26

APPEAL from the Chancery Court of Monroe.
Heard before the Hon. WADE KEYES.

THIS-bill was filed by the heirs-at-law of William J. Gressett, deceased, against Flavel Foster ; asking the rescission of a contract for the purchase of a tract of land, on account of the vendor's fraudulent misrepresentations, the cancellation of the deed and notes given for the purchase money, an injunction of a judgment at law on one of the notes, and general relief. The alleged misrepresentations were, that Foster, in pointing out to Gressett the boundary lines of the land, falsely pretended that they included a fertile tract, containing about fifty acres, which was one of the principal inducements to the purchase, and which was not in fact so included; and that he assured Gressett, that a field of from seventy-five to one hundred acres, of rich bottom land, could be obtained within the limits of the tract. The contract was made in August, 1842; and the bill was filed in June, 1846. Gressett died about eight months after the purchase was made, without having discovered (so the bill alleged) the fraud which had been practiced on him, and which was only discovered by the complainants within the year preceding the filing of their bill. One of the notes given for the purchase money was paid before the discovery of the fraud, and the other was transferred to one William Foster, who obtained judgment on it against Gressett's administrators. Flavel Foster removed from the State before the filing of the bill, and had no property within the State.

The defendant answered the bill ; admitting the execution of the alleged contract, but denying· all fraud on his part ; alleging that his representations as to the location of the boundary lines, and as to the number of acres in the bottom lands, were mere matters of opinion, about which the purchaser had equal means of forming a correct judgment ; and insisting on the laches in the filing of the bill as a bar to the relief sought.

The testimony adduced by the complainants established the alleged misrepresentations of the defendant as to the location of the boundary lines, and the further fact that he knew their real location. On the part of the defendant, one Asa Parker

testified to a conversation between himself and said Gressett, shortly after the purchase was made, in which he informed Gressett, in answer to a question from him, that there was very little swamp land in the tract, and Gressett replied " that he supposed there was between seventy-five and one hundred acres, but it was cheap enough any how."

The chancellor rendered a decree in favor of the complainants ; declaring a lien on the land for the repayment of the purchase money, and ordering it to be sold by the register if the money was not repaid by a specified day ; perpetually enjoining the judgment; and referring the matters of account to the register. The decree of the chancellor, together with his action on exceptions to the master's report, is now assigned as error.

WATTS, JUDGE & JACKSON, for the appellant.

S. J. CUMMING and F. S. BLOUNT, contra.

RICE, C. J.—A misrepresentation by the vendor of land, in regard to a material fact, which operated as an inducement to the purchase, upon which the vendee had a right to rely, and by which he was actually deceived and injured, is a fraud, and confers upon him the right to avoid the contract, whether executory or executed. But this right may be lost by an affirmance of the contract after the discovery of the fraud, or by a failure to manifest the election to disaffirm it within a reasonable time after such discovery ; and what is a reasonable time, must be determined from the circumstances of the particular case.—Calloway v. McElroy, 3 Ala. R. 406 ; Cullum v. Br. Bank at Mobile, 4 Ala. R. 21; Elliott v. Boaz, 9 Ala. R. 772; Munroe v. Pritchett, 16 Ala. R. 785; Read v. Walker, 18 Ala. R. 323; Smith v. Robertson, 23 Ala. R. 312; Lanier v. Hill, 25 Ala. R. 554; Boyce v. Grundy, 3 Peters, 210; Hitchcock v. Giddings, 4 Price, 135 ; Barnett v. Stanton, 2 Ala. R. 195; Masson v. Bovet, 1 Denio, 69.

We are satisfied that the allegations of the bill in the case at bar, if substantiated, are such as entitle the complainants to the relief sought by them; and that they are substantially established by the evidence.

It is contended, that the relief sought should be denied, on

the ground that there has not been sufficient promptness in insisting upon the fraud, nor abandonment of the possession of the land. That position is not defensible under the facts, as we understand them. The land was purchased in August, 1842, by the complainants' ancestor, who died intestate about eight months thereafter, without having discovered the fraud. One of the heirs was a minor from the time of his death until the filing of the bill. It was filed by the heirs within four years after the purchase, and within one year after the discovery of the fraud. Before the fraud was discovered, the vendor had removed from this State, and about one half of the purchase money had been collected. When the bill was filed, the vendor had no property in this State, and had transferred the note for the unpaid portion of the purchase money to another person, who resided out of the State, and who had recovered judgment at law upon it, and was trying to collect it. Our opinion is, that, under these circumstances, there has been sufficient promptness in insisting on the fraud ; that the retention of the land by the vendee and his heirs was justifiable ; and that as one of the heirs was a minor from the time the vendee died until the bill was filed, and as the heirs could not for that reason have rescinded the contract except by bill and decree in chancery, there was no necessity that an offer to rescind should have been made by the complainants before they filed their bill. The title which had descended to the minor could not by his deed have been divested out of him, and invested in the vendor. To effect that, a decree in chancery was necessary, in the state of things existing when the bill was filed.—Spoor v. Phillips, 27 Ala. Rep. 193; see authorities cited *supra*.

As the defrauded vendee and his heirs, under the circum stances appearing in this case, were entitled to retain and cultivate the land up to the final decree, as an indemnity *pro tanto*, it is but equitable that they should be permitted to keep it in tenantable condition, and should have a fair allowance for any improvements made by them upon it, " which were absolutely necessary to render the possession of the land beneficial and profitable, such as necessary fencing, and all indispensable buildings on a plantation", whether made before or after the filing of the bill. It is equally equitable, that

they should not only be charged with the rents, but also with any deterioration of the value of the land which accrued by "*their injurious or injudicious cultivation of it*." They are also clearly entitled to an allowance for the purchase money paid by them, and interest thereon from the time of its payment.

The overruling of some of the exceptions of the appellant to the several reports of the master may well be justified on the single ground of their generality.—Royall v. McKenzie, 25 Ala. R. 363 ; Brady v. O'Brien, 28 Ala. R. We do not feel bound no notice any exceptions to the reports, except those which point to the particular item or matter objected to. And confining our attention to them, and noticing the fact that the allowance for improvements does not exceed the rents, our conclusion is, that they do not disclose any violation of the plain and just rules above stated by us, for taking the account in such cases as the present. So far as they complain of the action of the master, we feel warranted in saying that, giving them due consideration, the result attained by the master is not affirmatively shown to be injurious to the appellant. If error exists, it is not disclosed to us in such manner as authorizes us to declare its existence and apply a corrective.

After having ascertained the amount for which the fraudulent vendor was liable to the heirs of the defrauded vendee, the chancellor was authorized to enforce its payment in the mode adopted in his decree.

The decree is affirmed, at the costs of the appellant.