# BAILEY *vs.* JORDAN.

[BILL IN EQUITY FOR RESCISSION OF CONTRACT ON GROUND OF FRAUD.]

1. *Reference to master to ascertain sufficiency of vendor's title.*—In decreeing the rescission of a contract to the purchaser, on account of his vendor's want of title to part of the land, unless the vendor, by a specified day, "perfect the complainant's title to the lands sold," the chancellor may direct the evidences of title to be submitted to the master, who is to ascertain and report upon its sufficiency.

2. *Sufficiency of allegations of purchaser's bill.*—Where the bill alleges, that the purchaser was a stranger to the lands bought; that the vendor represented his title to be good, when it was not; and that, "by this fraudulent representation, and his deed purporting to convey said lands to complainant, with warranty of title against all other persons, he induced complainant to pay him $1500 for said lands, and to give his note for $1500 more,"—it sufficiently shows that the purchaser, in making the contract, relied on his vendor's misrepresentations, and was thereby misled.

3. *When misrepresentation constitutes fraud.*—If the vendor of land falsely represents his title to be good, when it is not; and the purchaser, relying on the misrepresentation, is thereby induced to enter into the contract,—such misrepresentation, though made under an honest mistake as to the sufficiency of the title, entitles the purchaser to have the contract rescinded in equity.

4. *Abandonment of possession by purchaser.*—If the purchaser has paid all or a portion of the purchase-money, or has made improvements on the land more valuable than its use and occupation, he is not required to abandon the possession, before filing his bill in equity for a rescission on the ground of fraud; but his retention of possession, under such circumstances, only renders him liable to an account for the rents.

APPEAL from the Chancery Court at Mobile.
Heard before the Hon. WADE KEYES.

As the material facts are stated in the opinion of the court, it is not necessary to repeat them here.

JNO. T. TAYLOR, for appellant.
A. R. MANNING, *contra.*

STONE, J.—The answer expressly denies both the insolvency of Bailey, the vendor, and that he was about to remove from the State; and the proof fails to overturn the answer in either of these particulars.

The material facts disclosed by this record are the following : Bailey proposed to sell a tract of land to Jordan, representing to him that he had a good title to the same. They agreed on the terms of the contract. Jordan paid near half the purchase-money, received a deed from Bailey, conveying to him said lands by such title as Bailey could convey, went into possession, and has never been disturbed in the enjoyment of said lands. After the maturity of the note given by Jordan to secure the balance of the purchase-money, Bailey instituted suit upon it. This bill was filed to enjoin the suit on said note, and averred that Bailey had no title to much the larger part of said tract of land, and charged Bailey with fraud in representing his title to be good, when it was not. Jordan did not abandon the possession, nor offer to do so. He, however, expressed a willingness to comply with the terms of his purchase, if his vendor would relieve the title from incumbrance. The bill avers that Bailey had no title to certain designated lands, which are charged to contain much the larger and most valuable portions of the tract, and which, it is averred, formed the chief inducement to the purchase.

The answer of Bailey admits, that he did represent he had a good title to the lands. He denies all intention to perpetrate a fraud, and says, at the time he made the representation, he believed his title to the entire tract to be good. He admits his title to be, in many respects, very imperfect. A supplemental answer avers, that since the filing of the original answer, Bailey has perfected his title to certain of the lands ; and he offers to reconvey, if desired. The title to a portion of the lands he still admitted to be imperfect.

In April, 1856, the chancellor, considering the title imperfect, decreed that the contract be rescinded, " unless, before the first day of September (then) next, the defendant perfect the complainant's title to the lands sold." He directed that, if Bailey proposed to perfect the titles, he should submit to the register the evidence of his power to do so ; and the register was required to ascer-

tain whether the title, so to be submitted, was sufficient.

Bailey submitted to the register his evidences of title; and the register reported, " that the title of complainant, on the first day of September, 1856, was incomplete to the lands specified in the bill." To this report there was no exception, and it was confirmed by the chancellor, who thereupon decreed a rescission of the contract.

[1.] In referring the question of the title to the register, the chancellor committed no error.—McComb v. Wright, 4 Johns. Ch. 659, 670 ; Pierce v. Nichols, 1 Paige, 244–6 ; 2 Dan. Ch. Pr. 1195, and note. The report being adverse to the sufficiency of the title, and no exceptions being filed to it, after its confirmation by the chancellor we feel bound to hold, that the title, on the first of September, 1856, was insufficient.

The details of the decree are strictly in accordance with the settled principles governing such cases.—See Foster v. Gressett, 29 Ala. 393; Williams v. Mitchell's Adm'r, 30 Ala. 299.

The appellant seeks a reversal of the chancellor's decree, mainly on the following grounds :

1. That the bill nowhere avers, that the complainant, in negotiating his purchase, relied on the representations of Bailey as to the goodness of his title, or that he was induced by said representations to enter into the contract.

2. While it is conceded that Bailey represented said lands were his " own absolute property," yet it is contended that this affords no ground for a rescission, because Bailey believed his title to be good, and was laboring under a mistake as to his right to dispose of the lands.

3. That Jordan has no right to claim a rescission, unless he had first abandoned the possession.

4. That inasmuch as Jordan bought, at one and the same time, both the lands and some personal property, for the gross price of three thousand dollars, he cannot obtain a rescission in part, but must rescind the whole contract or none, and the bill does not seek a rescission, save as to the lands.

[2.] 1. We do not think the first objection urged is sustained by the record. The bill avers, that Bailey falsely and fraudulently represented that said lands were his absolute property. In another place, the bill avers, that said Bailey, "knowing that he had no title to them," [meaning said lands,] "represented to your orator, who was a stranger to the said Walker A. Bailey, and in said Washington county, that the title to the said lands was in him, the said Walker, and, by this fraudulent and false representation, and his deed purporting to convey said lands to your orator, with warranty of title against all other persons, * * * induced your orator to pay to him, the said Walker, the sum of fifteen hundred dollars for said lands, and to give him the note aforesaid, on which suit is brought, for fifteen hundred dollars more." We think the clear import of this language is, that Jordan was a stranger to the state of Bailey's title, that he relied on his representations, and was thereby induced to make the purchase. The language of this bill is much more direct and explicit, than that on which a rescission was decreed in the case of Young v. Harris, 2 Ala. 108; Camp v. Camp, *ib.* 632. See, also, Greenlee v. Gaines, 13 Ala. 198; Hunter v. O'Neill, 12 Ala. 37.

[3.] 2. Even admitting that Bailey was laboring under an honest mistake,—a concession which the record will hardly justify,—the second ground for reversal taken by him is settled against his views by several recent decisions of this court.—Foster v. Gressett, 29 Ala. 393; Munroe v. Pritchett, 16 Ala. 785; Atwood v. Wright, 29 Ala. 346; Lanier v. Hill, 25 Ala. 554; Boyce v. Grundy, 3 Peters, 210.

[4.] 3. Several of our decisions have laid down the doctrine, that when a vendee seeks to rescind a contract for the purchase of land, and his vendor is solvent, he must abandon the possession before instituting a suit for rescission, thus placing his vendor *in statu quo.*—Reavis' Digest, 304, §§ 993, 994. I feel rather inclined to adhere to this rule in all cases, unless the vendor be insolvent, or some other peculiar equity characterizes the case. My brothers, however, hold, that when a vendee has been defrauded in

the sale, and has paid a part or all of the purchase-money, or made improvements more valuable than the use and occupation, no prior abandonment of the possession is necessary; that he may retain the possession, for the purpose of having his lien for reimbursement enforced; and that he thereby only subjects himself to have an account taken against him for the rents. I yield to their opinion. Edwards v. McLeay, Cooper's Chan. Cases, 308; Coffee v. Newsom, 2 Kelly's (Ga.) Rep. 442; Young v. Harris, 2 Ala. 108; Cullum v. Branch Bank, 4 Ala. 21; Lanier v. Hill, *supra*.

4. In regard the fourth ground taken for appellant, it may be sufficient to say, that neither the bill, the answer, nor the supplemental answer, makes the slightest allusion to this feature of the contract, nor does it seem in any way to have been raised in the court below. On the contrary, the bill charges that the lands were purchased at the price of three thousand dollars, and the answers do not controvert this. There is not enough in the record to justify us in attaching any weight to this objection.

The decree of the chancellor is affirmed.