| 37 | 57 |
| 93 | 352 |

## KANNADY *vs.* LAMBERT.

[ACTION ON PROMISSORY NOTE, BY ENDORSEE AGAINST MAKER.]

1. *Error without injury in sustaining demurrer to special plea.*—The sustaining of a demurrer to a special plea, if erroneous, is not available to the defendant, when the record shows that he had the full benefit of the same defense under the general issue.
2. *What is available under general issue.*—In an action on a note given for the purchase-money of land, a promise by the vendor to cancel and destroy the note, in consideration of the fact that the land was subject to overflow, when he had represented that it was not, is available as a defense under the general issue ; but the vendor's misrepresentations as to any material matter, which constituted an inducement to the purchase, and on which the purchaser relied, is only available under a special plea of set-off, by virtue of section 2240 of the Code.
3. *Plea of fraud.*—In an action on a note given for the purchase-money of land, a special plea, averring the vendor's misrepresentation as to a material matter, and consequent injury to the purchaser, but containing no averment that such misrepresentation misled the purchaser, or constituted an inducement to the purchase, or was relied on by him, fails to make out a case of fraud.

APPEAL from the Circuit Court of Coosa.

Tried before the Hon. PORTER KING.

THIS action was brought by John M. Lambert, against A. T. Kannady; and was founded on the defendant's promissory note, of which the following is a copy :

"$1100.   On or before the 1st January, 1858, I promise to pay Samuel Lambert, or bearer, the sum of eleven hundred dollars; to be paid in cotton, at eight cents per pound the crop round, on the plantation, or at the nearest convenient gin, for value received of him this 15th November, 1855 ; being for land—south half of section twelve, township twenty-four, range eighteen ; with interest from 1st January, 1856."          "A. T. KANNADY."

The defendant pleaded—1st, that the plaintiff was not the party really interested in the suit ; 2d, the statute of

limitations of six years; 3d, the general issue; and, 4th, a special plea in these words; "Defendant denies each and every allegation in said declaration contained, and avers, that said note was given for the purchase-money of the south half of section twelve, township twenty-four, range eighteen; that Samuel Lambert, the payee of said note, represented to defendant, at the time of said purchase, that no part of said lands overflowed, when in fact a great portion of said lands did overflow, and said Lambert well knew that fact; and that said defendant was thereby greatly damaged, to more than the amount of said note. And defendant avers, that afterwards," &c., "before the transfer of said note, defendant offered to rescind said contract, and to give up said land to Samuel Lambert; and that said Samuel Lambert declined and refused to rescind said contract, but promised and agreed with said defendant, in consideration of the fact that said land did overflow, and of his false representations as aforesaid, to allow him a deduction on the purchase-money of said land, amounting to the entire sum of said note, and further agreed to give up, cancel and destroy said note." To this special plea the plaintiff demurred, on the following specified grounds: "1st, because said plea does not show that said defendant was induced to purchase on account of said alleged false representations; 2d, because said plea purports to answer the whole cause of action, and concludes to a part only; 3d, because it is argumentative; 4th, because it is double; and, 5th, because it is repugnant, and contains matter that is surplusage." The court sustained the demurrer, and the cause was tried on issue joined on the other pleas.

The sustaining of the demurrer to the 4th plea is here assigned as error, together with the rulings of the court on the evidence, and in the charges to the jury.

L. E. PARSONS, for the appellant.

N. S. GRAHAM, contra.

A. J. WALKER, C. J.—The fourth plea first denies

all the allegations of the complaint. So far as this denial is concerned, there was no prejudice to the defendant from sustaining the demurrer to the plea; for it presented no defense not available under the general issue, which was also pleaded. So, also, the agreement to cancel and destroy the note, in consideration of the overflow of the land for which the note was given, and of the false representation as to that matter, could have been given in evidence under the general issue; and the plaintiff sustained no prejudice from the demurrer so far as that defense was concerned. 1 Chitty on Pl. 478; *Stedham v. Stedham*, 32 Ala. 525; *Fail & Miles v. McArthur*, 31 Ala. 26. Besides these two matters, however, the plea contains allegations to the effect, that the note was given for the purchase-money of a tract of land; that the vendor represented, at the time of the purchase, that the land was not subject to overflow; that a great portion of it was subject to overflow; that the vendor knew that fact, and that the defendant was thereby damaged, to an extent beyond the amount of the note. We have, in this part of the plea, the averment of a misrepresentation as to a matter which seems to have been material, and of injury to the entire amount of the note, but no averment that the misrepresentation misled the defendant, or that it constituted an inducement to the defendant to make the contract of purchase, or was relied upon by the defendant. On account of the failure to make such averment, the plea fails to make out a case of fraud.—*Pritchett v. Munroe*, 22 Ala. 501; S. C., 16 Ala. 785; *Bailey v. Jordan*, 32 Ala. 50; *Foster v. Gressett*, 29 Ala. 393; *Read v. Walker*, 18 Ala. 323; *Cozzins v. Whittaker*, 3 S. & P. 322; 2 Chitty on Pl. 687, 688, 689. There was, therefore, no reversible error in rejecting any of the three matters of defense brought forward in the plea. Since the adoption of the Code, the defense of fraud is available, under the plea of set-off, to a note given for the purchase-money of the land; but a set-off is only available under a special plea. The defendant, having no special plea of set-off, cannot have the advantage of this defense by virtue of the

provision of the Code alluded to. The defense against the vendor's suit for the purchase-money, on the ground of fraud, could not, under our system, be made under the general issue; for it is no defense at law, as held in numerous cases, except by virtue of the provision of the Code which allows a set-off of any reciprocal cause of action not sounding in damages merely.—*Kelly's Heirs v. Allen,* 34 Ala. 663.

There was no error in the exclusion from the consideration of the jury of the vendor's misrepresentations, as there was no issue upon which they were admissible. The bill of exceptions does not show that the evidence offered by the defendant, as to the payee of the note being about to leave the country in May, 1857, was relevant to the issues before the jury. Not being able to perceive the relevancy of the evidence, we cannot hold that the court erred in excluding it.

Judgment affirmed.