# Orendorff *v.* Tallman.

*Bill in Equity by Purchaser, for Rescission of Contract.*

1. *Rescission of contract on ground of fraud.*—A false representation by the vendor of lands, as to the validity and sufficiency of his title, on which the purchaser has a right to rely and does rely, and is thereby induced to enter into the contract, whether made with or without

knowledge of its falsity, is a fraud, and authorizes a rescission of the contract in equity, on the seasonable application of the purchaser, although he has accepted a conveyance with covenants of warranty.

2. *Averments of false representations.*—If the bill alleges that, "in the negotiations for, and in the sale and purchase of said lots, said O. [defendant] fraudulently stated and represented to complainant that he had a good and sufficient title, and a right to make a conveyance thereof, subject only to the purchase-money mentioned [due to his vendor], when, in truth and in fact, he had neither such t'tle nor right;" that complainants, being at the time ignorant of the condition of the title, relied on and were deceived by these representations, and were thereby induced to enter into the contract; that O.'s vendor had no title, and that the title was in one B.: these are not mere averments of legal conclusions, but sufficient averments of specific facts.

3. *Abandonment or restoration of possession.*—If part of the purchase-money has been paid, the purchaser is not required to restore or abandon the possession before filing a bill to rescind, but may retain it for his reimbursement; nor is it necessary to aver such abandonment or restoration of possession, when it appears that the land was a vacant lot, and that the purchaser never took actual possession of it.

4. *Waiver of right to rescind by laches.*—The right to rescind is lost unless asserted within a reasonable time, as determined by the circumstances of the particular case; and where the purchaser is a non-resident, and claims a rescission within seven months after the discovery of the alleged fraud, and it further appears that yellow fever was epidemic in the town during two months of the period, the delay is not unreasonable, and does not raise a presumption of acquiescence in the sale.

5. *Parties to bill.*—On a purchase of lands subject to a mortgage in favor of the original owner, if the purchaser assumes this debt as part of the agreed purchase-money, and afterwards files a bill to rescind the contract on account of misrepresentations as to the title, not alleging that the mortgagee accepted him as debtor in lieu of the mortgagor, or was otherwise connected with the contract of sale, the mortgagee has no interest in the suit, and is improperly joined as a defendant.

APPEAL from the City Court of Decatur, in equity.

Heard before the Hon. WM. H. SIMPSON.

The bill in this case was filed on the 30th March, 1889, by Mrs. Lucille A. Tallman and her husband, against G. B. Orendorff and the Decatur Land, Improvement and Furnace Company, a domestic corporation; and sought the rescission of a contract by which complainants purchased from said Orendorff two town lots in Decatur, or in the addition to the town made by said defendant corporation. The contract for the purchase of the lots was made on the 15th December, 1887, the agreed price being $8,400; of which sum $3,240.62 was paid in cash, $2,000 to be paid within three years, with interest payable semi-annually, and the balance ($3,159.38) payable to the defendant corporation, for the purchase-money due and unpaid by Orendorff, who had bought from said corporation; and the deferred payments were secured by a mortgage on the lots, of even date with the conveyance exe-

[Orendorff v. Tallman.]

cuted by Orendorff to Mrs. Tallman, who was the real purchaser. The defendants filed separate demurrers to the bill, which were overruled by the court; and the decree overruling the demurrers is here assigned as error by each of the defendants separately. The grounds of demurrer assigned by the corporation were, in substance, want of equity in the bill because of the insufficiency of its averments in several specified particulars, and the misjoinder of said corporation as a party; and those assigned by Orendorff were founded on the want of equity in the bill, and the insufficiency of its averments in the several particulars specified.

R. C. BRICKELL, for the appellant corporation, cited *McKay v. Broad*, 70 Ala. 37; *Wilkinson v. May*, 69 Ala. 33; Story's Eq. Pl. § 231; 1 Dan. Ch. Pr. 322.

E. W. GODBEY, for appellant Orendorff, cited *Penny v. Jackson*, 85 Ala. 67; *Sykes v. Betts*, 87 Ala, 587; *Steele v. Kinkle*, 3 Ala. 352; *Thompson v. Sheppard*, 85 Ala. 611; 45 Vt. 342; Boone on Real Property, § 387; 32 N. J. Eq. 809; 20 Vt. 764; 76 Amer. Dec. 167; *Sheffield L. Co. v. Neill*, 87 Ala. 188.

R. A. McCLELLAN, and W. G. HUTCHESON, *contra*, cited 2 Stew. 236; 9 Porter, 577; 2 Ala. 108; 15 Ala. 69–72; 16 Ala. 529–38; 25 Ala. 554; 29 Ala. 393; 34 Ala. 663; 51 Ala. 159; 14 Ala. 20; 73 Ala. 325; 56 Ala. 146; Pom. Equity, 896, note; Rawle on Covenants of Title, 322, 334; 40 Ala. 561; 16 Ala. 789–91; 32 Ala. 53; 18 Ala. 332; 81 Ala. 292; 13 Peters, 26; 35 Ala. 560; 70 Ala. 427; 77 Ala. 217; 85 Ala. 368; 7 Wait's A. & D. 9, 19.

CLOPTON, J.—It is well settled, that a fraud committed on a vendee in the sale of land, by the false representations of the vendor affecting the validity and sufficiency of his title, upon which the vendee had a right to rely, and did rely, and was thereby induced to enter into the contract, authorizes its rescission in equity, and a return of the purchase-money paid. Whether the representation was made with or without the knowledge of its falsity, is immaterial; in either event, the vendor is bound to make reparation for the injury. Neither does the fact that the purchaser has accepted a conveyance, with or without covenants of warranty, deprive him of his right to relief.—*Bailey v. Jordan*, 32 Ala. 50; *Greenlee v. Gaines*, 13 Ala. 98; *Young v. Harris*, 2 Ala. 108; *Rimer v. Dugan*, 39 Miss. 477; s. c., 77 Amer. Dec. 687; *Diggs v. Kirby*, 40 Ark. 420.

[Orendorff v. Tallman.]

The bill alleges, " that in the negotiation for, and in the sale and purchase of the lots, said Orendorff fraudulently stated and represented to them [complainants] that he had a good and sufficient title, and a right to make a conveyance.thereof, subject only to the purchase-money mentioned, when, in truth and in fact, he had neither such title nor right; and the complainants, being at the time ignorant of the condition of such title and right, relied on and were deceived by the matters and things thus stated and represented, and were thereby induced to enter into such sale and purchase. " It further avers that the vendors of Orendorff had no title, and that the title was in one Benjamin F. Bean. It is insisted that these allegations of the bill in respect to the title are merely averments of legal conclusions, and that the facts showing a want of title in the defendants, and paramount title in Bean, should have been stated. It is difficult to see how the facts could have been more directly and fully averred. The averment that the defendants had no title, is the averment of a naked fact unattended by circumstances; and that the title is in Bean, is a collective averment of the facts essential to constitute title in him. These are subjects of proof. This case is distinguishable from *Columbus & West. Railway Co. v. Witherow*, 82 Ala. 190, cited by appellant's counsel. In that case, the complainant derived title to a lot bounded by a public street, by conveyance from the original owner, who dedicated the streets to the public, and claimed the ultimate fee to the center of the street. The answer denied this claim, and alleged that the fee remained in the original grantor. On the principle, that a conveyance to a lot bounded by a public street, without a reservation, passes to the grantee the fee to its center, it was held, that the answer contained nothing more than the denial of a legal conclusion unsuported by facts, and that nothing less than the averment of an express reservation of such fee in the deed of conveyance made by the original grantor,or its equivalent,would answer to rebut the legal inference to the contrary. This case would be analogous, if it appeared that defendants derived title from Bean, which, for any cause, had become invalid ; then the facts rendering the conveyance invalid should be averred. The bill avers the representation, its falsity, complainants' ignorance of the state of the title, their reliance on the representation, and that they were thereby induced to make the purchase. Bills containing allegations less direct and explicit have been held to be sufficient.—*Bailey v. Jordan, supra.* If the averments be proved on the hearing, the burden of proof being on the complainants, they would be entitled to relief.

It is also insisted, that the bill is defective in failing to show

that complainants have abandoned or restored possession of the lots. The doctrine settled by our decisions is, that a vendee who has been defrauded, and paid part of the purchase-money, need not restore or abandon the possession, but may retain it for his re-imbursement.—*Bailey v. Jordan, supra.* If, however, the bill does not aver fraud, as counsel contend, a sufficient answer to this objection is found in the allegation of the bill, that complainants have not now, nor ever had possession of the lots.

The right of rescission may be lost, by failure to manifest an election to disaffirm the contract within a reasonable time; and what constitutes a reasonable time must be determined from the circumstances of the case.—*Foster v. Gressett,* 29 Ala. 393. Undue and unnecessary delay in exercising the power of rescission is regarded as evidence of an election to treat the sale as valid, but is dependent for its weight upon existing circumstances. According to the averments of the bill, the complainants had neither notice nor knowledge of the vendor's want of title until May 1, 1888, and made the offer to rescind November 21, 1888. Complainants were strangers, and citizens of the State of Georgia, and, in the meantime yellow fever was prevalent in Decatur. Under these circumstances, we can not say that the delay was sufficient to amount to acquiescence in the sale.

It appears that the Decatur Land, Improvement and Furnace Company held a mortgage on the lots, given by Orendorff to secure a part of the purchase-money due by him to the company, from whom he purchased the lots. In the contract of sale, complainants assumed to pay the mortgage. It is not averred that the company accepted complainants as their debtor in lieu of Orendorff. The company was in no way connected with the transaction between complainants and Orendorff, and has no interest in the result of the suit, or the relief sought by complainants. If the relief be granted, the rights of the company under the mortgage are in nowise affected. The fact that complainant purchased the property subject to the mortgage, and assumed with Orendorff to pay the same, does not make the company a necessary or proper party to any litigation between complainants and Orendorff arising out of their contract, with which the company had no connection.

The decree on the demurrer of Orendorff is affirmed, and reversed as to the demurrer of the Decatur Land, Improvement and Furnace Company.