# Coxe, Exec. *et al.* v. Huntsville Gas Light Co.

*Petition in Pending Suit in Chancery for Injunction.*

1. *Injunction pendente lite; when properly issued.*—A court of equity can, in the proper exercise of its jurisdiction, enforce and preserve property rights in issue *in statu quo* until the hearing on merits, and in order to sustain an injunction for the protection of property *pendente lite* it is not necessary for the court to decide in favor of the complainants upon the merits, or that he should present such a case as will certainly entitle him to a decree upon the final hearing; but in order to support such an injunction, the court must be satisfied that the complainant certainly has the right as to the existence of which there is a substantial question to be decided, and that without the interim interference such right would probably be lost or destroyed.

[Coxe, Exec. *et al.* v. Huntsville Gas Light Co.]

2. *Same; same; case at bar.*—Where a bill is filed by a corpora-
tion for the purpose of obtaining an accounting between it
and its president, and for the settlement of the business of
the affairs of the complainant, and a decretal order is ren-
dered directing a reference by the register for such an ac-
counting between the complainant and the respondents grow-
ing out of the alleged mismanagement and misappropriation
of the funds belonging to the complainant corporation by
its president, such complainant is entitled to an injunction
*pendente lite* to prevent rendering ineffectual such de-
cretal order; and where a petition for such injunction al-
leges that such president or those under his control own a
majority of the stock and that there has been called a meet-
ing of the stockholders for the purpose of electing a new
board of directors subservient to said president's will, and
which would defeat the complainant in its efforts to secure
a just accounting between it and its president as to the
money misappropriated, and the answer of the respondents
to the petition is evasive and does not clearly deny or con-
tradict the charge against the president contained in the pe-
tition, a motion made by the respondents to the petition to
dismiss the injunction issued upon the filing of the petition,
on the ground of the want of equity in the petition and the
denials contained in the answer, is properly overruled.

APPEAL from the Chancery Court of Madison.

Heard before the Hon. W. H. SIMPSON.

On May 15, 1892, the Huntsville Gas Light Com-
pany filed the original bill in this case for the pur-
pose, as therein alleged, of obtaining an accounting be-
tween the Huntsville Gas Light Company and Robert
E. Coxe, its president. The special prayer of the bill
is that the complainant company be declared to have a
lien on the stock of said Robert E. Coxe for the pay-
ment of any indebtedness it may be shown exists on
the part of said Robert E. Coxe to the complainant
company.

On December 26, 1893, the complainant filed its peti-
tion for an injunction to restrain and enjoin the de-
fendants and each of them and all other persons having
notice or knowledge or information of the issuance of
said writ from voting any stock of the complainant
company standing in the name of the defendants, or

32

any members of their family, or from otherwise interfering with the present board of directors of the complainant, in the due prosecution of this suit, or from holding any election of a new board of directors of the complainant company until the further order of the court. This injunction was, on the same day, granted.

The petition for the injunction alleges that said Robert E. Coxe, as president of the company, had called a meeting of the company, and that it was his purpose to cause the election of a new board of directors, and by the use of a majority of the stock of the company, standing in the names of members of his family, to elect a new board of directors, who would defeat the further prosecution, in good faith, of this suit and prevent the accounting ordered by the decree previously rendered in this cause and shield and protect said Robert E. Coxe against the enforcement of this liability to the complainant. The defendants filed an answer to the petition for injunction, in which is averred the pendency of the original suit and that the cause was then pending in the Supreme Court on appeal from a decree rendered by the chancellor. The answer of the defendant, after admitting that a meeting of the stockholders had been called, with the intention to elect a new board of directors, then averred as follows: "It was also intended by said defendants to move for a new board of directors, no such election having been had for a period of several years. It was not the purpose of the defendants to interfere with the proper adjustment of the accounts between the complainant and Robert E. Coxe. Defendants deny that the present suit is being prosecuted in good faith. Defendants are advised and believe that it is the purpose of some of those prosecuting the said suit in the name of the said corporation to wreck the said corporation and force a sale of its assets and property. Defendants are advised that the persons prosecuting the said suit should be required to do so as minority stockholders, and at their own risk and expense. Defendants are advised and insist that a majority in interest and amount of the stockholders in said complainant company have the legal right to control

the same, and that the owners of a minority of the stock should be required, if they desire to litigate, to conduct such litigation at their own cost and expense and risk. A majority of the present board of directors, defendants allege, are under the control and direction of William P. Newman, and that the same Newman is prosecuting the said suit in his personal interest as a minority stockholder. The averment that the defendant Robert E. Coxe is insolvent is denied. Defendants allege that the said directors refuse and decline to attend meetings of the directors or to co-operate with the president in the management and control of said corporation, and that it would be advisable to have a stockholders' meeing for the purpose of electing a new board of directors. These defendants, together with Eliza Davies Coxe, own more than two-thirds of the stock of said corporation And having fully answered the said petition, these defendants pray that the injunction heretofore granted them may be dissolved and that said petition be dismissed." The defendants then moved the court to dissolve the injunction upon the grounds that there was no equity in the petition asking for the injunction and upon the denials of the answer.

On the submission of the cause upon this motion to dissolve the injunction, the chancellor rendered a decree overruling it. From this decree the defendants appeal, and assign the rendition thereof as error.

LAWRENCE COOPER and R. C. BRICKELL, for appellant, cited High on Injunctions, § 1505; 3 Brick. Dig., 352, § 303; 1 Morawetz on Corporations, §§ 477, 555; 1 Thompson on Corporations, § 700; *M. & C. R. R. Co. v. Woods*, 88 Ala. 630; *Faulds v. Yeates*, 11 Am. Rep. 24; *Camden R. R. Co. v. Elkins*, 37 N. J. Eq. 273; *Pender v. Lushington*, 22 Eng. Rep. (Moaks' notes) 646.

MILTON HUMES and R. W. WALKER, *contra*, cited 10 Am. & Eng. Ency. Law (1st ed.), 784, 788, 878; 1 Am. & Eng. Ency. Law, 623, note; 1 High on Injunctions (2d ed.), § 5.

TYSON, J.—This appeal is prosecuted from a decree refusing to dissolve an injunction on motion. The motion is predicated upon two grounds; the first, on the denials in the answer, and the other for want of equity in the petition, upon which the writ was granted.

The petition was for an injunction *pendente lite* to prevent rendering ineffectual the decretal order directing a reference by the register to state an account between the complainant and the respondents growing out of mismanagement and misappropriation of funds belonging to the complainant corporation by one of the respondents, its president. The bill in the cause, in which this decretal order was entered and in which this petition was filed, sought to have Robert E Coxe, its president, to make a settlement of the business affairs of the complainant company under the orders and directions of the chancery court from the date he assumed management and control of its affairs; and to that end prayed a statement of an account by the court between him and the company, charging him with all the amounts with which he was properly chargeable and crediting him with all amounts for which he was entitled to be credited, and a decree be rendered against him for the balance ascertained to be due to complainant, and that the complainant be declared to have a lien for its payment on the capital stock of respondent, which by a certain instrument was assigned by him to his co-respondents, and that the assignment be declared null and void as against said lien. We will refrain from setting out further the purposes of the bill. A full synopsis of it and a determination of its equities may be found by reference to the case as reported in 106 Ala. 373.

"It is clearly within the competency of a court of equity and a proper exercise of its jurisdiction, to interfere and preserve property rights in issue *in statu quo* until a hearing on the merits, without expressing, and indeed without having the means of forming a final opinion as to such rights. And in order to sustain an injunction for the protection of property, *pendente lite*, it is not necessary to decide in favor of plain-

tiff upon the merits, nor is it necessary that he should present such a case as will certainly entitle him to a decree upon the final hearing, since he may be entitled to an interlocutory injunction, although his right to relief may ultimately fail."—1 High on Injunctions, § 5; 10 Am. & Eng. Ency. Law (1st ed.), 784; 10 Ency. Pl. & Pr., 878.

"It is true the court will not so interfere if it thinks that there is no real question between the parties; but, seeing that there is a substantial question to be decided, it will preserve the property until such question can be regularly disposed of. In order to support an injunction for such purpose, it is not necessary for the court to decide upon the merits in favor of the plaintiffs.　*　*　*　There are two points on which the court must satisfy itself. First, it must satisfy itself, not that the plaintiff has certainly a right, but that he has a fair question to raise as to the existence of such a right. The other is whether *interim* interference, on a balance of convenience or inconvenience to the one party and to the other, is or is not expedient."—*Flippin v. Knaffle,* 2 Tenn. Chan. 242; *Great Western R. Co. v. Birmingham R. Co.,* 2 Ph. 602; *Glascott v. Lang,* 3 Myl. & Cr., 455; *Andreae v. Redfield,* 12 Blatch. (U. S.) 425; *Helm v. Gilroy,* 20 Oregon 517; *Pelzer v. Hughes,* 27 S. C. 408. And it is of no consequence, that the cause was in this court by appeal so far as the right and power of the lower court is involved to preserve the *status in quo* of the parties.—*New Brighton & New Castle R. R. Co. v. Pittsburgh, Y. & C. R. R. Co.,* 105 Pa. 13.

To permit the respondents to vote the stock in a stockholders' meeting, upon which the complainant was seeking to fasten a lien, called for the purpose of electing a board of directors subservient to their will and to defeat the complainant in its effort to make its president account to it for moneys alleged to have been misappropriated etc. by him, would be to place the further prosecution and management of the suit in the hands of the respondents,—a predicament not likely to result in benefit to complainant, but most likely to its irreparable damage. It is no answer to say that the directors

[Coxe, Exec. *et al.* v. Huntsville Gas Light Co.]

who might be elected and used by the respondents for the purpose of thwarting the rights of the corporation in its suit, would be personally liable for their misconduct in this respect. It is more probable that they would institute a suit against themselves to repair the wrongs committed by them, than that they would prosecute the present suit against their friends whom they were chosen to serve.

The answer of the respondents to the petition is clearly evasive. It may be said, that by its failure to deny in an unmistakable way, the direct charge brought against the respondent, R. E. Coxe, that it was his purpose to have elected at the meeting of stockholders proposed to be called by him, a board of directors who will be subservient to the respondents and who will leave the management and conduct of the business of the complainant corporation under his control, and the further purpose to use the stock to control and direct the management of this suit so as to result in its dismissal or to enable R. E. Coxe to avoid a full and correct accounting and to prevent a *bona fide* enforcement of his liability to the corporation, that such was the purpose and intention of the respondents, the execution of which would have practically destroyed the right of the complainant to have the accounting and to have disarmed the court of the power to give effect to its decree of reference. In our opinion, the court committed no abuse of its discretion in denying the motion to dissolve the injunction and in retaining it as a means of restraint upon the respondents to preserve the rights in issue *in statu quo*, until a hearing can be had on the merits of the cause.

Affirmed.