# Walling *v.* Thomas *et al.*

*Bill in Equity for the Cancellation of a Deed.*

1. *Deed; cancellation for fraud or unfair advantage.*—Where by the practice of fraud upon or the taking of undue advantage of one who is infirm with age and mentally weak, a conveyance of land is obtained for a grossly inadequate consideration, the grantor in said deed or, upon the death of the grantor, the heirs can maintain a bill in equity to rescind said contract of sale and have the deed cancelled and set aside.

2. *Same; same; waiver of right.*—The right to rescind a contract of sale and to have the deed of conveyance cancelled may be waived by the party in whom the right resides, whether he be the party originally injured, or his successor in interest; and while such waiver may be implied from conduct inconsistent with the intention to rescind, as evidenced by long acquiescence in the transaction, the mere delay in instituting proceedings to avoid the deed, is subject to explanation showing that it was not caused by acquiescence in the sale.

3. *Rescission of contract; offer to do equity.*—While a bill for rescission must ordinarily offer to do equity by putting the party against whom the rescission is directed *in statu quo* or returning to him the consideration with interest, if such party has been reimbursed of his expenditure by what he has received under the contract sought to be rescinded, such offer to do equity is not necessary to authorize the maintenance of the bill.

APPEAL from the Chancery Court of Morgan.

Heard before the Hon. WILLIAM H. SIMPSON.

The bill in this case was filed on August 14, 1899, by the appellees, who were children and heirs of Sarah Thomas, deceased, against W. T. Walling, the appellant, and several other defendants who were described as the children, grandchildren and great great-grandchildren of Sarah Thomas, deceased. It was averred

in the bill, as amended, that on June 12, 1890, Sarah Thomas executed a deed to W. T. Walling, conveying to him 200 acres of land at a recited consideration of $500; that at the time of the execution of said deed, Sarah Thomas was weak physically and mentally; was very old and decrepid; that she was imposed upon by the defendant Walling, and through his paid agents; that said Walling induced one Echols, in whom Sarah Thomas had implied confidence, and who attended to all of her business affairs, to persuade said Sarah Thomas to execute a deed to this land for the sum of $500; that Echols was paid by Walling to do this and in compliance with his employment, falsely represented to said Sarah Thomas that said lands were not worth more than $500, and by reason of such false representation and of influence which he had over her, and the confidence which she had in him, he induced and persuaded her to execute said deed; that as a matter of fact the lands were very valuable and worth much more than the amount paid for them by Walling; that they were worth not less than $2,000; that Sarah Thomas continued to remain under the dominion and influence of said Echols up to the date of her death, and from the date of the execution of said deed grew weaker in mind and body and finally became totally insane and was in this condition for some time before her death; that she died intestate on January 3, 1897; that after the purchase of said lands from Sarah Thomas, Walling went into possession thereof and so remained up to the time of the filing of the present bill; that the rental value of said lands was $250 per year, and that he had the use and benefit of said lands from the date of the purchase to the time the bill was filed; that soon after the death of Sarah Thomas and continuously up to the time of the filing of the bill, the complainants asserted their rights to said lands and demanded of Walling that these rights be respected and satisfied; and that they be paid the fair value of said lands or that said Walling should convey them to the heirs of said Sarah Thomas; that said Walling acknowledged and conceded their rights and from time to time promised to adjust and settle their demands; that as a matter of fact he

paid one of the heirs of said Sarah Thomas the value of his interest in said lands, and that during the intervening time from the death of Sarah Thomas up to within a few weeks from the filing of the bill, the said Walling gave the complainants reason to believe that an amicable and satisfactory adjustment and settlement of their demands would be made by him, but that no such settlement was made and a few weeks before the filing of the bill Walling declared the negotiations off, and, thereupon, the present bill was filed. It was averred in the bill as amended that the said Walling had received from the rents and profits of said lands more than the amount of the purchase money and interest, and the complainants averred that they were willing and agreed with said Walling to receive the full amount of the purchase money from the rents which he had already received and appropriated.

The prayer of the bill was that upon the final hearing the chancellor should decree that the right and title to said lands be in the complainant and the other heirs of Sarah Thomas, deceased, and that the deed from Sarah Thomas, deceased, to Walling be surrendered up and cancelled and held for naught; that the rental value of said lands since Walling had possession thereof should be ascertained, and that a decree be rendered against Walling in favor of the complainant and the other heirs of Sarah Thomas, deceased, for the full amount of the rents so determined, after deducting the $500 paid by Walling as the consideration for said deed, and that a sale of the realty be had and a distribution of the proceeds thereof, together with the rents be had among the complainant and the other heirs of Sarah Thomas, deceased.

To the bill, as amended, the defendant Walling filed a demurrer, assigning many grounds, the substance of which was as follows: 1. It appears that Sarah Thomas, in her lifetime, after knowledge of the alleged fraud in procuring her conveyance, made no offer or attempt to rescind the contract by which she conveyed the lands; and that, therefore, the complainants have no right or interest in such lands and no right to have such

conveyance set aside. 2. The bill as amended does not set out facts making a case of fraud on the part of Walling in procuring said conveyance made to him. 3. Because the demand as made is stale. 4. It appears from the bill as amended that the complainants have by their laches and lack of diligence lost any right they may have had to have had said conveyance set aside. 5. Because the complainants did not offer to do equity by offering to put said Walling in *statu quo*. 6. Because it was not shown that the demand was made by Walling for a rescission of said contract, and that he refused. 7. Because it is not averred that the complainants before filing their bill, tendered to Walling the money he had paid for the land. 8. Because the bill seeks to recover the rents and profits of the land and to have them divided without making the personal representatives of the decedent parties to the bill. The defendant also moved the court to dismiss the bill for the want of equity.

On the submission of the cause upon the demurrers and the motion to dismiss the bill for the want of equity, the chancellor rendered a decree overruling the demurrer and the motion. From this decree the respondent Walling appeals, and assigns the rendition thereof as error.

MARVIN WEST, for appellant.—A contract procured by the fraud of the vendee is, in equity, not void, but voidable at the option of the vendor.—2 Pomeroy's Equity Juris., § 915; *Johnson v. Johnson*, 5 Ala. 90, 101; *Samples v. Guyer*, 120 Ala. 615. It is to be treated as good until rescinded, and not as bad until confirmed.—Bispham's Equity (5th ed.), § 472, citing *Rigdon v. Walcott*, 31 N. E. Rep. 158. "Until avoided or rescinded the contract of sale remains in force, and title to the property passes to the vendee."—*Brown v. Pierce* (Mass.), 93 Am. Dec. 57, 60.

The facts averred in the present bill did not authorize the relief prayed for.—2 Pomeroy's Equity Juris. § 965: *Dent v. Long*, 90 Ala. 172; *Coleman v. Bank*, 115 Ala. 307; *Stephenson v. Allison*, 123 Ala. 446; *Samples v. Guyer*, 120 Ala. 610; *Henderson v. Boyett*, 126

[Walling v. Thomas *et al.*]

Ala. 172; *Howle v. Land Co.*, 95 Ala. 389; *Scruggs v. Decatur Land Co.*, 86 Ala. 173; *Sheffield L. Co. v. O'Neil*, 87 Ala. 158; *Goree v. Clemens*, 94 Ala. 337.

RUSSELL & LYNN, *contra*, cited 2 Story's Eq. Jur., § 1520; *Crocker v. Clements*, 23 Ala. 296; *Thomas v. Marshall*, 36 Ala. 504; *Kline v. Cutter*, 34 N. J. L., 329; *Springer v. Springer*, 2 U. S. Rep. 527; *R. R. Co. v. Kennedy*, 70 Ill. 350; *Young v. Arantz*, 86 Ala. 116; *Tindall v. Drake*, 51 Ala. 578-9; *Stevens v. Anderson*, 87 Ala. 228; *Glover v. Hill*, 85 Ala. 44; *Kennedy v. Marrast*, 46 Ala. 161, 167; *Campbell v. Kuhn*, 40 Am. Rep. 483.

SHARPE, J.—A conveyance of lands obtained for a grossly inadequate consideration by unfair advantage taken of great mental weakness, though not amounting to absolute incapacity, of the grantor, will in equity be set aside on equitable terms when application therefor is made seasonably by the grantor, his representatives or heirs.—*Waddell v. Lanier*, 62 Ala. 349; *Shipman v. Furniss*, 69 Ala. 562; *Burke v. Taylor*, 94 Ala. 530; *Allore v. Jewell*, 94 U. S. 506 (24 L. ed. 260); *Harding v. Handy*, 11 Wheat. (U. S.), 125; *Raymond v. Wathen*, 142 Ind. 367; 18 Ency. Pl. & Pr., 765, 771. In such cases the deed being voidable only and not wholly void passes title to the grantee, and the heirs' claim to relief rests not on legal succession to the title but on an equitable right to be invested with such succession. The relief appropriate to be afforded by the courts is by enforcing rescission of the contract of sale and cancellation of the deed.

The right to rescind may be waived by the party in whom it resides whether he be the one originally injured or his successor in interest, and such waiver may be implied from conduct inconsistent with an intention to exercise it including acquiescence in the transaction for an unreasonable length of time.—*Howle v. North Birmingham Land Co.*, 94 Ala. 389; *Lockwood v. Fitts*, 90 Ala. 150. But mere delay in taking steps to avoid the deed may be so explained as to show it was not an ac-

quiescence. What will be considered a reasonable time for moving to disaffirm may depend on the situation and condition of the parties and the circumstances of the particular case.—*Orendorf v. Tallman,* 90 Ala. 441; 18 Ency. Pl. & Pr., 826.

The bill avers in substance that the deed it assails was obtained from complainants' ancestress while her mind was unsound, at about one-fourth the value of the land it conveys, and by means of the purchased influence of one in whom she was accustomed to repose trust and confidence; that thereafter she continued to decline to a state of total insanity lasting until her death. Taken as true as they must be on demurrer, these averments show a right lay in the grantor to have the sale avoided and they furthermore rebut all presumption that willing acquiescence was the cause of her failure to assert that right. Subjects of such infirmity merit protection from courts of equity so far at least as to be relieved from such presumptions, and the imputation of *laches* as well.

Complainants themselves waited before filing this bill about two years and eight months after the death of their ancestress. But it is averred that since then they have continuously asserted their rights in the lands by demands on defendant and that he made promises to pay for their claims on which they relied and were so caused to postpone legal proceedings. Delay so induced by defendant cannot fairly be attributed to acquiescence in its holding nor can it be accounted *laches*.

Equity will not assist one to repudiate a contract and retain its benefits. Hence a bill for rescission must ordinarily offer to do equity by restoring the party called on to rescind such consideration as he has paid with interest or other compensation for its use. But exception to this rule occurs where the defendant has been fully reimbursed for his expenditures by what he has received under the contract.—*Higby v. Whitaker,* 8 Ohio, 108; *Wilson v. Moriarty,* 77 Cal. 596; 18 Ency. Pl. & Pr., 834. The bill shows the use of the land during defendant's possession has been of value greater than the consideration he paid with interest and, therefore, an offer to return the consideration was not required to be

alleged or made.

If there be persons who ought to be and are not made parties to the suit, that fact does not appear on the face of the bill, and, therefore, the objection is not a proper subject of demurrer.

The decree appealed from will be affirmed.

