SANDERS et al. v. KING. (2 Div. 809.)

(Supreme Court of Alabama. Jan. 11, 1923.)

1. **Vendor and purchaser** ⊜⟑37(1)—**Purchaser held not bound to investigate.**

In the absence of knowledge of his own sufficient to arouse suspicion, a purchaser is not bound to make an independent investigation for himself as to the truth of representations by the vendor.

2. **Vendor and purchaser** ⊜⟑117—**Vendee seeking to rescind for fraud cannot retain property.**

A vendee seeking to rescind for fraud, is not permitted to retain the property purchased and not pay for it.

3. **Vendor and purchaser** ⊜⟑117—**Vendee electing to rescind for fraud permitted to retain possession of property as security.**

Where vendee elects to rescind for fraud, he may be permitted to retain possession of the property as security for money paid and to indemnify him for the cost of improvements made in good faith upon the premises.

4. **Vendor and purchaser** ⊜⟑123—**Upon rescission damages to land must be accounted for by vendee.**

Vendee electing to rescind for fraud must account for any damages to the land.

5. **Chattel mortgages** ⊜⟑256—**Temporary injunction against enforcement of mortgage pending suit to rescind held proper where main equity is shown.**

Vendor's false representation that there was 18,000,000 feet of merchantable timber in the tract sold, when in fact there was but 10,-000,000, feet, was fraudulent by construction of law, and a bill for rescission by vendee alleging these facts showed equity, so that a temporary injunction against any enforcement of defendants' title under a purchase-money chattel mortgage pending the suit was proper to the end that complete justice be done in the event vendee should finally establish his rights as alleged.

Appeal from Circuit Court, Marengo County; R. I. Jones, Judge.

Bill by J. B. King for rescission of contract and for injunction against E. V. Sanders, R. G. Colson, and R. V. Wooldridge. From a decree denying motion to dissolve temporary injunction, respondents appeal. Affirmed.

Patton & Patton, of Carrollton, for appellants.

A purchaser cannot come into equity to obtain compensation or abatement of purchase money, on account of the deficiency in the quantity of the land, or fraudulent misrepresentations of the vendor as to its quantity or quality, unless the bill also shows some other independent ground of equitable relief. 34 Ala. 633; 152 Ala. 435, 44 South. 551; 28 Ala. 160. If complainant could by inquiry have ascertained the amount of timber on the land sold, and failed to make the inquiry, his failure to do so is chargeable only to himself, and is a want of that diligence required by a court of chancery. 3 Ala. 353; 5 Ala. 550; 2 Ala. 632, 36 Am. Dec. 423; 112 Ala. 576, 20 South. 929; 188 Ala. 599, 65 South. 986. If the right of rescission· is exercised by defendant on account of fraud on the part of plaintiff, defendant is required to place plaintiff in statu quo by returning the goods to the place where delivered to him. 86 Ala. 116, 5 South. 253; 55 South. 1023; 86 Ala. 151, 5 South. 157; 203 Ala. 158, 82 South. 188; 194 Ala. 482, 69 South. 897; 120 Ala. 611, 24 South. 942. Though a bill shows cause for injunctive relief, if sworn answer denies all the averments upon which any right or relief can be predicated, the temporary injunction is properly dissolved. 194 Ala. 482, 69 South. 897.

Wm. Cunninghame, I. I. Canterbury, and S. W. Compton, all of Linden, for appellee.

The bill, for rescission of the contract on the ground of fraud and misrepresentation as to quantity of timber, and for injunction to restrain foreclosure of mortgage, has equity. 167 Ala. 534, 52 South. 737; 205 Ala. 531, 88 South. 654; 188 Ala. 122, 65 South. 1015; 25 Ala. 554; 14 Ala. 9; 178 Ala. 166, 59 South. 470. The injunction should not be dissolved simply upon sworn denials in the answer; the old rule having been changed. Code 1907, § 4535; 206 Ala. 182, 89 South. 659; 90 South. 904; 173 Ala. 14, 55 South. 301; 201 Ala. 535, 78 South. 889; 194 Ala. 482, 69 South. 897; 35 Ala. 560; 71 Ala. 257, 46 Am. Rep. 314; 125 Ala. 169, 27 South. 786. Where a mortgagor has made large payments on a mortgage debt, or purchase money for lands, he has the right to hold possession of the property as security for amounts he has already paid out, being liable for the use during the litigation. 18 Ala. 323; 29 Ala. 393; 47 Ala. 449; 90 Ala. 441, 7 South. 821; 39 Cyc. 1436.

SAYRE, J. Complainant, appellee, King, filed this bill for the rescission of a contract whereby defendants, in consideration of a large sum of money, which has been paid in part, agreed to sell and convey to him the timber and timber rights on an extensive body of lands in Marengo county. At the same time defendants· sold to complainant for an additional sum a sawmill with all its necessary parts and attachments and eight head of mules, wagons, and harness. About the same time, complainant, to secure his payment of the purchase money of the lands and other property, due to be paid in installments, gave a mortgage on the sawmill and its attachments and 40 head of mules used

in connection therewith and other property. The prayer was for rescission, as we have noted, and for an injunction enjoining the prosecution by defendants of any suit for the property mortgaged or to declare a forfeiture or foreclose the mortgage. Defendants answered denying the averments of the bill with particularity, and thereupon moved the court to dissolve the temporary injunction which had issued in accordance with the prayer of the bill. This appeal is from the decree overruling defendants' motion to dissolve the injunction.

[1] The ground of attack upon the contract is that it was procured by false representations as to the amount of merchantable timber upon the land, a matter as to which complainant had no information, but relied upon the statements made by defendants who were experienced timber men. We construe the bill as averring, not a mere expression on the part of defendants of opinion as to the quantity of timber—such expression of opinion not ordinarily constituting fraud—but as averring an intentionally false statement as to quantity by which complainant was deceived. The deficiency alleged was material, the difference being the difference between 18,000,000 and 7,000,000 feet of merchantable timber, or more exactly the difference between 18,000,000 and 10,000,000; for it further appears from the bill that certain parts of the land containing the timber contracted for, but not delivered because found to be in the possession of third parties, as stated below, contained 3,000,000 feet. In the absence of knowledge of his own, sufficient to arouse suspicion, complainant was not bound to make an independent investigation for himself. A party asserting facts cannot complain that the other took him at his word. Harton v. Belcher, 195 Ala. 186, 70 South. 141; Manning v. Carter, 192 Ala. 307, 68 South. 909; Shahan v. Brown, 167 Ala. 534, 52 South. 737; McDonald v. Pearson, 114 Ala. 638, 21 South. 534; Perry v. Johnston, 59 Ala. 648; Lanier v. Hill, 25 Ala. 554; Munroe v. Pritchett, 16 Ala. 785, 50 Am. Dec. 203. It is further averred that complainant, shortly before filing the bill, discovered that defendants had no title to two considerable parts or parcels of the land he contracted to purchase and that they were in the possession of third parties claiming to own the same; but there is no averment of fraud in respect of this deficiency, and the equity of the bill depends upon the fraudulent representations heretofore stated.

[2-4] It is averred in the bill that complainant entered upon the land under his contract of purchase, that he erected a sawmill thereon at great expense to himself and began to cut timber, that afterwards he discovered the shortage complained of, and that before filing this bill he offered to restore all the property he got from defendants—this, we assume, did not comprise that part of the property as to which the averment is that defendants had no title and that third parties were in possession under claim of ownership (Orendorff v. Tallman, 90 Ala. 441, 7 South. 821)—and to pay them the reasonable value of the timber cut prior thereto, but that they refused to accept his offer. The offer to rescind was proper enough, but complainant is still in possession, and it is suggested that this fact should operate to deny the relief sought. It would, of course, be inequitable to permit the vendee to retain the property purchased and not pay for it. Complainant has elected to rescind; but, in the circumstances shown, he may be permitted to retain possession as security for the money paid and to indemnify him for the cost of improvements made in good faith upon the premises. Orendorff v. Tallman, supra; Hickson v. Lingold, 47 Ala. 449; Foster v. Gressett, 29 Ala. 393; Read v. Walker, 18 Ala. 323. It is equally clear that upon a rescission complainant must account for any damage done to the lands by him. But this does not destroy the equity of the bill.

[5] On the considerations stated, our conclusion is that defendants' representation, if false substantially as alleged, was fraudulent by construction of law, and for its injurious consequences, in the circumstances shown by the bill, they are answerable in a court of equity, and, the main equity of the bill being thus shown, the injunction against any enforcement of defendants' title under the mortgage pending the suit was proper to the end that complete justice may be done in the event complainant shall finally establish his rights as alleged. Coxe v. Huntsville Gaslight Co., 129 Ala. 496, 29 South. 867.

As for the sworn answer and the affidavits in support thereof, they have been examined, in connection with the affidavits submitted on behalf of complainant, but do not appear to furnish sufficient ground for dissolving the injunction. Coxe v. Huntsville Gaslight Co., supra. It may be that complainant has waived the alleged fraud and has lost the right to rescission by delaying unduly long to file his bill after discovering the fraud or by continuing thereafter to deal with the subject of the contract as his own exclusive property, as by continuing to cut the timber—of which there is some evidence in the affidavits submitted on the motion to dissolve—but, if so, defendants must seek relief from the injunction in a decree to be rendered after a full hearing on pleading and proof, for, as yet, it does not appear that error has been committed.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.