RUSSELL, Judge.
This case involves a contract for the sale of land.
Following an ore tenus hearing, the trial court rescinded a deed of conveyance and awarded the purchasers damages in the amount of $4,200 based on its finding that the sellers materially misrepresented the location of an easement held by the Alabama Power Company. The utilization of this easement by the power company would necessitate moving the house purchased by the appellees, which encroached upon the power company’s right of way.
The sellers appeal. We affirm.
The dispositive issue is whether the trial court erred in finding that the purchasers reasonably relied upon the representations of the sellers and their agent as to the location of the easement.
Initially, we note that where evidence is presented ore tenus, the court’s decision is presumed correct and will be upheld unless it is palpably wrong or manifestly unjust. Gulf Shores, Ltd. v. Powrzanos, 442 So.2d 71 (Ala.1983).
The law is clear that a seller’s misrepresentation of a material fact which acts as an inducement to purchase and upon which the purchaser reasonably relies constitutes fraud and establishes a ground on which the purchaser may avoid the contract. Marshall v. Crocker, 387 So.2d 176 (Ala.1980). Furthermore, reliance is reasonable in the absence of independent knowledge sufficient to arouse the purchaser’s suspicion, and he is not obligated to make an independent investigation as to the truth of the seller’s representations absent such knowledge. Sanders v. King, 208 Ala. 638, 95 So. 19 (1923).
Although the trial court did not set forth specific findings of fact, it clearly stated, in its order, that the sellers materially misrepresented a material fact which, under § 6-5-101, Ala.Code 1975, constitutes fraud. Moreover, where no specific findings of fact are made, this court will presume that the trial court made those findings necessary to support its conclusion *1277 unless such findings are clearly erroneous and against the great weight of the evidence. Johnson v. Cleveland, 460 So.2d 1257 (Ala.1984).
The sellers argue that, because the deed stated on its face that the purchasers took the property “subject to easements,” sufficient knowledge existed to require that they further investigate the existence and location of such easements. We find, however, that there was no dispute as to the existence of the power company’s easement, but only as to its location. Furthermore, we find that the purchasers’ reliance on the sellers’ representations concerning such was reasonable and that no further investigation on their part was necessary.
Consequently, in light of the strong presumption of correctness that attaches to a judgment following an ore tenus proceeding, we must affirm the trial court’s decision.
AFFIRMED.
INGRAM, P.J., and ROBERTSON, J., concur.