TUNE VS. RECTOR, AD.

If the purchaser of real estate, whose vendor has no title, accept a deed containing no covenants which cover the defect in the title, he may recover back the purchase money in an action of assumpsit, for money had and received, where fraud, or its legal equivalent, has been practiced upon him by the vendor; and in order to lay the foundation of proof of fraud in the sale, evidence of an outstanding paramount title in a third person is admissible.

*Appeal from Pulaski Circuit Court.*

Hon. JOHN J. CLENDENIN, Circuit Judge.

FOWLER & STILLWELL, for the appellant.

Every contract must be supported by a good and valuable consideration, else it is void. *Story on Con.* 111, 112, 113.

If the plaintiff could show that Ferguson had no title to convey to him, and perpetrated a fraud upon him in pretending to

do so (which he offered to do,) he was entitled to recover back his money. 2 *Com. on Con.* 24, 41; 5 *Burr.* 2639; 1 *Dal.* 428; 1 *Bay* 161; *Camp vs. Pulner*, 5 *Barb. S. C. R..* 91.

HEMPSTEAD, for the appellee,

The evidence offered by the plaintiff was incompetent and irrelevant, because the action was substantially for the recision of a contract. Tune having received the deed and the possession, certainly could not maintain the action to recover the purchase money back, and retain the land. 15 *Ark. Rep.* 290; 2 *Gilman* 269; *Ib.* 651: 2 *Sug.* 23; 19 *Martin La. Rep.* 231.

Where the vendee takes possession under a deed, and is not evicted under a paramount title, he cannot complain of want of consideration, or have any relief, 1 *J. C. R.* 218.

Mr. Justice COMPTON delivered the opinion of the court.

The action was assumpsit, brought by Tune against Rector, as administrator, to recover back the purchase money paid to Ferguson, the defendant's intestate, for a tract of land. There was judgment for the defendant, and the plaintiff has appealed to this court.

The only question presented is as to the admissibility of certain evidence offered by the plaintiff and excluded by the court.

It appears that on the trial in the court below, the plaintiff read in evidence without objection, a deed with covenants of special warranty, by which Ferguson conveyed to the plaintiff a tract of land, for the consideration of $175, which, the deed recites, was paid to him by the plaintiff. The plaintiff, in order to lay the foundation of proof that Ferguson had no title to the land at the time it was conveyed, and that he perpetrated a fraud upon him in the sale of it, then offered to introduce evidence of an outstanding paramount title to the land in William D. and Ann Rankin. But the court refused to permit the evidence to go to the jury, and the plaintiff excepted, announcing —the bill of exceptions states—" That he could offer no further " evidence in the cause, as the entire residue of his evidence

" rested upon that already offered and would necessarily fall " with it."

It is a general rule that, where the purchaser of real estate, whose vendor has no title, accepts a deed containing no covenants, which cover the defect in the title, he cannot recover back the purchase money, but is without remedy, as against the vendor, either at law or in equity. To this rule there is, however, a single acknowledged exception, and that is, where fraud, or what is equivalent to it, has been practiced upon the purchaser. *Rawle on Cov. for title*, 607-8. The object of the plaintiff was to bring his case within this exception, and to that end the evidence was admissible, and ought to have been received. If he acquired no title, and was induced to accept the deed in consequence of the fraud of the vendor, he was entitled to recover back the purchase money, in an action of assumpsit for money had and received. *Battle vs the Rochester city Bank*, 5 *Barb. S. C*, 414; *Sofer vs. Stephens*, 14 *Maine*, 133; *Doyle et al. vs. Knapp*, 3 *Scam.* 334.

It is argued that the plaintiff did not put the defendant in *statu quo*, before suit brought, by returning or offering to return all that he had received under the sale. As to how this was in point of fact, the record is silent. What the plaintiff might or might not have shown, had he been permitted to introduce evidence, we cannot know. When the facts are brought before us it will be soon enough to decide any question of law that may arise upon them.

The judgment must be reversed, and the cause remanded for further proceedings.