## DIGGS VS. KIRBY.

1. **VENDOR AND VENDEE.** *Rights of vendee when title fails.*

It is the general rule that a purchaser who has accepted a deed can not retain the purchase price, nor recover it if already paid, unless there has been a breach of the covenants, either special or statutory, contained in his deed; and if there be no covenants other than a warranty of title, he has no cause of action, nor legal excuse to withhold the payments, until he has been evicted. But to this rule there is an exception. If there has been a concealment of material facts, or a misrepresentation affecting the title or situation of the property-amounting to fraud, the vendee may have relief although he has accepted a deed; and this, whether the covenants for title do or do not extend to the particular defect.

2. **SAME:** *Same. Cost.*

Kirby filed his complaint in equity to foreclose his lien on eighty acres of land which he alleged that he had sold to Diggs for $700, and had executed to him his general warranty deed for it —that $500 was paid and he held Diggs' past-due note for the balance ($200). Diggs admitted the facts, but alleged by cross-complaint that Kirby owned in forty acres of the land, only the interest of the widow and five out of thirteen heirs of the former deceased owner. That of the remaining eight heirs some were infants. That Kirby, knowing of the defect in his title, fraudulently represented that it was good. That he was a stranger in the country, had no knowledge or information of the facts except from Kirby, on whom he implicitly relied, and by whom he was inveigled into the purchase. That this forty acres contained all the improvements on the tract. They were valuable and formed the material inducement to his purchase, and that Kirby was insolvent and nothing could be recovered on his covenants of warranty; and he offered to reconvey, and prayed for a rescission of the contract and that the unpaid note be cancelled and the $500 already paid be charged on Kirby's interest in the land. **HELD:** That he was entitled to the relief prayed for; but if Kirby should acquire the outstanding title by the final hearing, he will be entitled to the decree but not to cost.

APPEAL from *Crawford* Circuit Court in Chancery.

Hon. J. A. YANTIS, Special Judge.

Diggs v. Kirby.

*Diggs pro se.*

1. Fraud vitiates all contracts. The sale should have been rescinded, and a lien declared on the land for the purchase money paid. See 1 *Abb. Forms*, 432.

The answer was in the nature of a cross-bill. 25 *How. Pr.* 389; *Abb. Forms*, 429 *and* 430.

*B. J. Brown* for appellee.

Where a party receives a deed with covenants of warranty, no defect of title that does not amount to a total failure, can be set up as a defense, &c., and not then *unless* there has been eviction. 12 *Ark.*, 699; 15 *Ib.*, 565; 21 *Ib.*, 253; 23 *Ib.*, 582; *Bramble v. Beidler*, 38 *Ark.*

SMITH, J. The plaintiff filed his bill March, 1882, for foreclosure of a vendor's lien, alleging that on the 12th, day of October, 1881, he was seized in fee simple of eighty acres of land, and had then sold, and conveyed the same with covenants of general warranty, to the defendant, for the price of $700, of which $500 had been paid to him, and for the residue he held the past due obligation of the defendant. The answer, which is made a cross-bill, denied that the plaintiff was seized of forty acres of the premises, which included all the improvements and tillable land of the tract, and formed, as we may suppose, the main inducement to the purchase. It averred that this lot of forty acres had been the property of John Clanton, who died, leaving a widow and thirteen heirs at law; that the plaintiff had acquired the estate of the widow and five heirs, but that the title of the other eight remained outstanding in the hands of those upon whom the law had cast the inheritance, some of them being infants; that the plaintiff, being well aware of the true state of the title, had fraudulently represented to the defendant, who was a stranger in the country, having no knowledge, nor source of information upon the subject, except what he derived from the plaintiff, upon whose statement he implicitly relied, that

Diggs v. Kirby.

these five whose conveyances he held, were the sole heirs of Clanton; and by means of such misrepresentations, had inveigled the defendant into a purchase of the property; and that the plaintiff was an insolvent person, out of whom no money could be made, if he should be forced to pay his money and be remitted to the covenant of warrantry contained in his deed. He therefore offered to reconvey the premises to the plaintiff, and prayed for a rescission of the contract, that his note might be cancelled and the $500 which he had already paid might be charged on the plaintiff's interest in the land.

To this answer the ·Circuit Court sustained a demurrer, and, the defendant refusing to plead further, decreed according to the prayer of the bill.

We think the Court below, and the counsel who has argued here in support of its decree, have misapprehended the law and the effect of the previous decisions of this Court upon the rights and remedies of the vendee under the circumstances disclosed in the answer.

1. VENDOR and VEN- DEE: Vendee's rights when title fails. The general rule is that a purchaser who has accepted a deed can not detain the purchase money, nor recover it back, if already paid, unless there has been a breach of the covenants, either special or statutory, contained in his deed. If there be no covenants, express or implied, of seisin, good right to convey, or freedom against incumbrances, the grantee has no cause of action, nor legal excuse to hold back his payments until he has been evicted. But there is one exception. Fraud taints all that it touches. If there has been concealment of material facts, or misrepresentation affecting the title or situation of the property, amounting to fraud, the fact that the contract has been executed by delivery of the deed does not deprive the purchaser of his right to relief, nor is it material whether the covenants for title do or do not extend to the particular defect. *Rawle on cov-*

*enants for title, fourth ed. pp. 565 et seq; Yeates v. Pryor,* 11 *Ark.,* 58; *McDaniel v. Grace,* 15 *Ark.,* 487; *Hoppes v. Cheek* 21 *Id.,* 585; *Tune v. Rector, Ib.* 285; *Alexander v. McCauley,* 22 *Id.* 555; *Busby vs. Treadwell,* 24 *Id.* 456.

If the answer shall be proved to be true in substance and in fact, the defendant will be entitled to a rescission of the contract and an equitable lien upon the plaintiff's share of the land for the money advanced upon it; *Cooper v. Merritt,* 30 *Ark.,* 686; *Felkner v. Lighe,* 39 *Ark.,* 357; unless at or before the final hearing the plaintiff shall acquire the outstanding interests of the remaining heirs of Clanton, so as to be able to tender a perfect title, ·in which case the decree should be for the plaintiff. But he must pay the costs. *Kimbell v. West,* 15 *Wallace,* 377.

The decree of the Crawford Circuit Court is reversed and the cause remanded with directions to overrule the demurrer to the answer, and to proceed in other respects in conformity to this opinion.