## McGowne *v.* Frisby.

### Opinion delivered April 21, 1924.

1. **APPEAL AND ERROR—CONCLUSIVENESS OF CHANCELLOR'S FINDING.—** The findings of fact of a chancellor, not clearly against the preponderance of the evidence, will be upheld on appeal.

2. **VENDOR AND PURCHASER—REMEDY FOR BREACH OF WARRANTY.—A** purchaser of land under conveyance with covenant of warranty has no cause of action for rescission or for damages until there has been a failure of title of at least a material portion of the land and an eviction under paramount title, unless there has been fraudulent misrepresentation or concealment of material facts inducing the sale.

Appeal from Conway Chancery Court; *W. F. Atkinson,* Chancellor; affirmed.

*Calvin Sellers* and *G. B. Colvin,* for appellant.

There can be no question but that the title failed to forty acres of the land. Thereby the appellant was deprived substantially of the beneficial enjoyment of his purchase as shown by the failure of the negotiations for a loan on the land. 159 Ark. 611; 129 Ark. 420.

*M. H. Dean* and *Strait & Strait,* for appellees.

If appellant had any objection to the title, it was his duty to assert it promptly, a thing which, under the facts in this case, he failed to do. 142 Ark. 553; 46 Ark. 337. A vendee is chargeable with notice of any defects appearing in the record title. 150 Ark. 355; 144 Ark. 79; 146 Ark. 247. When appellees learned that appellant was withholding the deeds by which they sought to perfect the title from Mrs. Rump and her children,

and was trying to promote a suit against them on his part, appellees themselves procured from her and her children a deed whereby any possible defect in the title was cured, if any existed. This having been done before decree, appellant was not entitled to rescission. 40 Ark. 420. See also 128 Ark. 421; 46 Ark. 337.

McCULLOCH, C. J. Appellees were the owners of a quarter-section of land in Perry County, and, on February 20, 1919, they sold and, by deed with full covenants of warranty, conveyed it to appellant for a consideration of $10,500, of which $4,000 was paid in cash, and appellant executed annual installment notes for the remainder. Appellant made the payment which fell due on January 1, 1920, but failed to pay the next installment note, and appellees instituted suit against him in the chancery court of Perry County to foreclose the lien for the unpaid part of the purchase price. Appellant did not appear in the action, and a decree by default was rendered against him for the recovery of the amount due on the notes and for foreclosure of the lien. The decree was entered on May 19, 1921, but the sale was not made, and the decree was reentered and the order of sale renewed on April 20, 1922, and the land was sold by the commissioner·of the court on May 6, 1922, and was purchased by appellees. After the sale by the commissioner, but before confirmation of the sale, appellant instituted an independent action against appellees for a rescission of the sale and recovery of the amount of purchase money paid, and also filed exceptions to the report of sale. The two proceedings were consolidated and heard together, and, on final hearing, the court dismissed appellant's complaint for want of equity, and overruled his exceptions, and confirmed the sale of the land to appellees.

Appellant bases his right to rescind the sale and recover the portion of the purchase money paid on the ground that appellees represented to him that the title was clear, and that they would assist him in making the title satisfactory to the Federal Land Bank, from which

agency or institution appellant was to borrow money to complete the payment.

Appellant alleged and undertook to prove that there was a failure of title to forty acres of the land sold, in that the title was in the heirs of a man named Driller, and that appellees had failed in their undertaking to clear up the title so as to make it satisfactory to the Federal Land Bank; that application for the loan had been made to the Federal Land Bank and allowed, but that the title was imperfect, and the loan was finally refused on that account.

On the trial of the cause there was a conflict in the testimony as to whether or not appellees had made any express representations to appellant concerning the title or had made any promise to him to clear the title so as to satisfy the Federal Land Bank. Appellant's testimony was to the effect that such representations and promises were made to him, and he is corroborated by two other witnesses, members of his family, but this is positively denied by each of the two appellees, who both testified that they had been willing at all times to assist appellant in clearing up any apparent defect in the title so as to satisfy the Federal Land Bank, and that they did not refuse any assistance within their power.

According to the testimony, the title examiner for the Federal Land Bank pointed out certain supposed defects in the title with reference to the forty acres of land, and required affidavits as to who were the heirs of the former owner, Driller, and also required quitclaim deeds from them. The testimony also shows that one of the attorneys for appellees offered assistance to appellant in procuring the necessary affidavits and quitclaim deeds so as to satisfy the Federal Land Bank. Appellees also introduced testimony tending to show that appellant, instead of trying to comply with the requirements of the Federal Land Bank, encouraged the heirs of Driller to bring suit against him for the land so as to afford him grounds for compelling appellees to rescind the contract.

There was, as before stated, a conflict in the testimony on the issue as to whether or not appellees made false representations concerning the title, or promises with respect to clearing up the title to satisfy the Federal Land Bank, and we are of the opinion that the finding of the chancellor on this issue is not against the preponderance of the evidence. The decree of the chancery court necessarily indicates a finding against appellant on that issue. The deed of appellees to appellant contains full covenants of warranty of title, and appellees would be liable for breach of the covenants upon proof of failure of title and eviction, and would also, upon such proof, be entitled to a rescission of the sale and purchase. But the proof in this case does not establish any such state of facts. It is shown that the title examiner of the Federal Land Bank made substantial objections to the condition of the title as shown in the abstract, and required that the apparent defects be cleared up, but those objections were mere reasons given why the loan would not be made until the requirements were complied with, and the proof in the case does not show any actual failure of title or an eviction under paramount title. The rule established by our decisions is that a purchaser under a contract of sale which has been fully executed by a conveyance with covenants of warranty has no cause of action for rescission or for damages until there has been shown a failure of title of at least a material portion of the land and an eviction under paramount title, unless there had been fraudulent misrepresentation or concealment of material facts which induced the sale. *Diggs* v. *Kirby,* 40 Ark. 420.

Appellant failed to make out his case by a preponderance of the testimony, and the chancery court was correct in its decree.

Affirmed.