FERNANZO v. TEDFORD.

4-2757

Opinion delivered December 5, 1932.

*Troy W. Lewis,* for appellant.
*John D. Shakelford,* for appellee.

HUMPHREYS, J. This is an appeal from a refusal of the chancery court of Pulaski County to render a personal

judgment for $75 in favor of the estate of M. D. Fernanzo, deceased, and for $125 in favor of Alice Fernanzo, and costs against appellee, in a proceeding in said court to cancel the tax deed from the State of Arkansas to appellee and all deeds thereunder to lot 11, block 4, of Industrial Park addition to the city of Little Rock, Arkansas, in which proceeding, judgments were sought in the amounts set out above.

The facts are that, in the spring of 1926, M. D. Fernanzo and Alice Fernanzo purchased said property in entirety from W. E. Lenon, on the installment plan, for $264 with the understanding that the grantor would pay the taxes thereon during the period for the payment of installments if the purchasers kept up the payments. This they did. After purchasing the property, they built a house upon the lot and moved into and occupied same as their homestead. During their occupancy thereof, the lot was forfeited under a void tax proceeding for the taxes of 1925 and sold to the State in 1926. The property remained on the books in the State Land Office until after the passage of act 129 of the Acts of 1929, which provided for the sale of tax lands to applicants after personal service of a notice upon the owners thereof, unless such owners were nonresidents or unknown. W. W. Shepard and W. L. Tedford purchased said lot from the Commissioner of State Lands under said act without serving personal notice upon appellant and her husband, although they were residing thereon at the time. At the time of the purchase they did not inform the Commissioner of State Lands of this fact. On June 24, 1929, W. W. Shepard and his wife conveyed same by quitclaim deed to appellee. The weight of the evidence reflects that, after appellee obtained a quitclaim deed, he informed appellant and her husband, through his agents, that he had obtained a good title to the lot from the State, which was paramount to their title, and they must pay him rent or buy the property or move out. The weight of the evidence also shows that, under this misrepresentation and threat, appellee obtained a purchase contract for said lot

from appellant's husband, and that, after the payment to him of $75 by her husband and $125 by her, he executed a quitclaim deed to her husband. The payment of $125 by her was made at the urgent request and insistence of her husband, who feared he would have to move out of the property, and without any admission on her part that appellee was entitled thereto.

The rule is, as between vendor and vendee, in a conveyance by quitclaim deed, although the vendor makes no covenants which cover a defect in the title, the purchase money can be recovered by the vendee in case the vendor practiced fraud or its legal equivalent upon the vendee. *Tune* v. *Rector*, 21 Ark. 283; *Diggs* v. *Kirby*, 40 Ark. 420.

The refusal of the chancellor to render a personal judgment against appellee for $75 in favor of the administrator of the estate of M. D. Fernanzo, deceased, and for $125 in favor of Alice Fernanzo is reversed, and judgments for said amounts in favor of the respective appellants are rendered here, less a remittitur by appellants of $2.23.