GRANISON *v.* MORETZ.

4-8053                                    198 S. W. 2d 999

Opinion delivered January 27, 1947.

*J. C. Brookfield*, for appellant.

*Giles Dearing*, for appellee.

MINOR W. MILLWEE, Justice. Appellant, Robert Granison, filed suit in the St. Francis Chancery Court on October 23, 1945, alleging that appellees, W. L. Moretz and Gladys Riley, had falsely and fraudulently represented to him that they were the owners of the SW¼ of NE¼ and SE¼ of NW¼ of section 20, township 6 N, range 2 east, in St. Francis county and had executed and delivered their separate deeds to appellant for the two 40-acre tracts for $341.

The complaint alleged: "That the claim of title by such defendants was fraudulent which fraud was perpetrated by bogus representations and instruments in writing known by these defendants to be bogus and which could not reasonably have been so known to the plaintiff, to-wit:

"These defendants, Moretz and Riley, fraudulently represented to the plaintiff that the deceased owner, C. J. Ochse, was a relative of them, died at their home in Cross county and had executed to them a will to said

real estate; that said W. L. Moretz, claiming to be a
lawyer, represented to this plaintiff that he had examined
the will, orders of probate and tax redemptions and
found them to be sufficient to convey a good and suf-
ficient title to them; that plaintiff relied upon such state-
ments, representations and evidences of title and paid
to these defendants said $341 when in fact and in truth
such evidences were fraudulent and of no account except
as a foundation to perpetrate such fraud.''

It was further alleged that the will of C. J. Ochse
was void and that Mayo Riley, a minor and daughter of
appellee, Gladys Riley, took no interest under the will,
or if she did, that such interest was never legally con-
veyed by the proceedings in probate. The written instru-
ments alleged to be spurious were: (1) the will of C. J.
Ochse; (2) the deeds from appellees Moretz and Gladys
Riley to appellant; and (3) certain tax redemption cer-
tificates issued to C. J. Ochse and Gladys Riley.

The complaint prayed: (1) that the will of C. J.
Ochse be brought into court and cancelled; or (2) if the
will be found valid, that an erroneous description of one
40-acre tract therein be corrected and a trustee ordered
to sell, and appellees, W. L. Moretz and Gladys Riley,
ordered to pay up to $341 for the property; (3) that
appellant's title to the lands be confirmed; (4) that by
way of further alternative relief appellant have judg-
ment against appellees, Moretz and Gladys Riley for $341.

On November 22, 1945, appellees filed their demur-
rer alleging that the complaint did not state facts suf-
ficient to constitute a cause of action against them. This
demurrer was not acted upon until after appellant had
taken proof in the form of depositions on December 28,
1945. The cause was heard by the chancellor on Febru-
ary 25, 1946, when appellees filed what is denominated
''a demurrer to the evidence,'' pursuant to the provision
of Act 257 of 1945. It was alleged in this pleading that
the proof on behalf of appellant was insufficient to con-
stitute a cause of action against appellees. The trial
court sustained both the ''demurrer to the evidence''
and the demurrer which had previously been filed in the

case, and appellant declining to plead further, the complaint was dismissed.

The exhibits attached to the deposition of appellant tend to show that the will of C. J. Ochse was filed in the office of the county clerk of Cross county on May 20, 1941, and thereafter duly admitted to probate. The will devised certain lands in both Cross and St. Francis counties to several persons including a niece of the testator who resided in California. Two 40-acre tracts in St. Francis county were devised to Mayo Riley, the minor daughter of appellee, Gladys Riley. One of these tracts, SW¼ of NE¼ of sec. 20, T. 6 north, R. 2 east, was sold by order of the Probate Court on July 15, 1942, and appellee, W. L. Moretz, became the purchaser for $300.

In 1943, appellee, Gladys Riley, redeemed the SE¼ of NW¼ of sec. 20, T. 6 north, range 2 east, by payment of the delinquent taxes for the years 1940, 1941 and 1942. This 40-acre tract was not described in the will of C. J. Ochse, but had been redeemed by him in 1937 for the 1934 delinquent taxes along with the SW¼ of the NE¼ purchased by Moretz. On April 7, 1945, Gladys Riley executed her quitclaim deed to appellant to the tract redeemed by her for $41. Appellee, W. L. Moretz, on the same date likewise conveyed to appellant the 40 acres purchased by him at the probate sale for $300.

Prior to the institution of the present suit, appellant intervened in the proceedings had in the estate of C. J. Ochse, deceased, in the St. Francis Probate Court. He filed a motion to correct the record in those proceedings and his exceptions to the report of sale of the 40-acre tract to appellee, W. L. Moretz. After a hearing on appellant's intervention, the Probate Court dismissed the proceedings and no appeal was taken from this order.

Appellant testified that he moved on the land at the time he purchased it from appellees on April 7, 1945. He could "scarcely" read and write. At the time of the purchase appellees gave him the three tax redemption certificates which had been issued to C. J. Ochse and Gladys Riley. When asked what these certificates were

given to him for, appellant answered, "to show for the land that I was moving on." Appellees also told appellant that one of the 40-acre tracts had been left to the Riley child and he was informed of the proceeding in probate court and the sale to Moretz. Appellees told him to go ahead and move and they would give him a deed that would be all right. On cross-examination, appellant testified that he had been in possession of the land for four years under claim of ownership and had farmed and paid taxes on the land each year.

Two other witnesses testified on behalf of appellant that they were acquainted with the handwriting of C. J. Ochse and that the will did not appear to be in his handwriting.

Appellant is not interested in the estate of C. J. Ochse, deceased, either as heir, legatee, devisee or judgment creditor. The will of C. J. Ochse appears to have been duly admitted to probate in common form and its validity was attested to by the two subscribing witnesses. There has been no appeal from the order admitting the will to probate, and it seems to be conceded by appellant that he has no right to contest or reform the will in the instant suit. However, it is earnestly insisted that he should recover the purchase price of $341 because of fraudulent misrepresentations made by appellees, W. L. Moretz and Gladys Riley, and that the trial court erred in refusing to grant such relief.

Ordinarily a grantee under a deed without covenants of title has no recourse against his grantor upon a failure of title. There is, however, one exception to this general rule, and that arises where fraud has been practiced upon the purchaser. The rule is stated in *Fernanzo* v. *Tedford,* 186 Ark. 586, 54 S. W. 2d 700, as follows: "The rule is, as between vendor and vendee, in a conveyance by quitclaim deed, although the vendor makes no covenants which cover a defect in the title, the purchase money can be recovered by the vendee in case the vendor practiced fraud or its legal equivalent upon the vendee. *Tune* v. *Rector,* 21 Ark. 283; *Diggs* v. *Kirby,* 40 Ark.

420.'' See, also, 55 Am. Jur., Vendor and Purchaser, § 330.

We think the chancellor correctly held the evidence offered by appellant insufficient to show fraud practiced upon him by appellees, W. L. Moretz and Gladys Riley, in the execution of the quitclaim deeds. There was no evidence to support the allegation that appellees, Moretz and Gladys Riley, represented to appellant that C. J. Ochse was their relative and that he had devised the lands to them. On the contrary, appellant testified that appellees informed him that one of the 40-acre tracts belonged to the minor, Mayo Riley, and he was told of the proceedings in the probate court relative to this tract. There was no evidence that Moretz posed as an attorney and represented to appellant that he had examined the record title to the lands. The tax redemption certificates issued to C. J. Ochse and Gladys Riley were given to appellant and he was told what they were. There is no indication that these certificates were spurious or that appellees misrepresented them to appellant. The evidence of appellant was, therefore, insufficient to establish fraud on the part of appellees, Moretz and Gladys Riley.

Appellant also contends that the trial court erred in sustaining the demurrer to his complaint after the proof was taken. We agree with appellant that, under these circumstances, the pleadings should be treated as amended to conform to the proof in the case. But, when this is done, the pleadings are still insufficient to constitute a cause of action for cancellation of the deeds and recovery of the purchase price, for the reason that appellant has never surrendered, or offered to surrender, possession of the property to appellees. A purchaser in possession of lands cannot rescind and recover the purchase money on the ground of defects in the vendor's title without restoring or offering to restore possession. 55 Am. Jur., Vendor and Purchaser, § 607. While appellant asked for return of the purchase price, he did not offer in his complaint to surrender possession of the property. Nor was there any offer to surrender posses-

sion made in the proof so that the pleadings might be treated as conforming thereto.

In support of his contention that he was not required to surrender possession or offer to return the property, appellant relies on the case of *Held* v. *Mansur*, 181 Ark. 876, 28 S. W. 2d 704, where it is said: "A person who has been induced to enter into a contract for the purchase of property by the false representations of the vendor concerning its quantity or quality may, at his election, pursue one of three remedies. First, he may cancel the contract and, by returning or offering to return the property purchased within a reasonable time, entitle himself to recover whatever he had paid upon the contract. In the second place, he may elect to retain the property and sue for the damages he has sustained by reason of the false representations of the vendor as to the land; and in this event the measure of the damages would be the difference between the real value of the property in its true condition and the price at which he purchased it. In the third place, to avoid a circuity of actions and a multiplicity of suits, he may plead such damages in an action for the purchase money, and is entitled to have the same recouped against the sum he had paid for the land. *Matlock* v. *Reppy,* 47 Ark. 148, 14 S. W. 546; and *Danielson* v. *Skidmore*, 125 Ark. 572, 189 S. W. 57."

The case of *Held* v. *Mansur, supra,* was a suit for damages for fraudulent representation of the quality of the lands and the purchaser elected to pursue the second remedy mentioned above by retaining possession and recovering the difference between the real value of the property in its true condition and the purchase price. Appellant does not seek such relief in the instant case, but is seeking recovery of the purchase price as set out in the first remedy. Appellant did not ask that the quitclaim deeds be cancelled in his complaint, nor has he offered a return of the property upon recovery of the purchase money. He seeks equity, but has not offered to do equity. The complaint did not, therefore, state a cause of action and the chancellor correctly sustained the de-

murrer and dismissed the suit when appellant declined to plead further.

We do not discuss the demurrer to the evidence or the validity of Act 257 of 1945 for the reasons stated in the recent case of *Kelley* v. *Northern Ohio Co.*, 210 Ark. 355, 196 S. W. 2d 235.

Affirmed.